BOWLING, Justice,
for the. Court:
Appellants, D. G. Seago, Jr., Mid-Continent, Inc., and River Industries, Inc., filed their bill of complaint in the Chancery Court of Pike County against appellees, Home Insurance Company of Illinois and Fox-Everett, Inc., in an effort to recover a loss resulting from a fire at the plant of appellant, River Industries, Inc., in Vicksburg, Mississippi. At the conclusion of appellants’ case, the chancellor, on motion of Home Insurance Company of Illinois, excluded the testimony as to it and entered judgment for that appellee. The allegations of the bill of complaint and testimony thereon as to appellee Fox-Everett, Inc., were considered by the court, and after calling for briefs, the court rendered a decree for appellee, Fox-Everett, Inc.
*809 Considerable damage was done to the plant of River Industries, Inc., by fire on October 6, 1975. A brief history of the relation of the parties and various insurance coverages is necessary. In June, 1974, appellant, D. G. Seago, Jr., operated primarily as Seago Enterprises, a Mississippi corporation. In August, 1974, Seago Enterprises and Mid-Continent, Inc., an Arkansas corporation, merged into a Delaware corporation known as Mid-Continent, Inc., one of the complainants. Prior to the merger, all properties of Seago Enterprises, which properties were considerable, were insured under a policy of fire and extended coverage with the Lexington Insurance Company, written through agent Fox-Everett, Inc. River Industries, Inc., at that time, was insured with another company. In September, 1974, appellants Seago and Mid-Continent purchased River Industries, Inc,, except for a few outstanding shares of stock.
In November, 1974, Seago requested that Fox-Everett cancel the existing policy carried by River Industries and place that property by endorsement to the Lexington Insurance Company policy. Fox-Everett did not have endorsement writing privileges from Lexington, and it was necessary to secure a written endorsement from an insurance broker in Arkansas. This was done by Fox-Everett by contacting the Arkansas agent and securing verbal endorsement with the written endorsement being received by Fox-Everett on December 30, 1974. Undisputedly, the property of River Industries was covered under the Lexington policy on and after November 12, 1974.
In February, 1975, Seago caused to be organized an insurance agency wholly owned by him and his group, which agency was organized as a corporation known as MCI Insurance Agency, and an office was set up to operate the agency in the Mid-Continent building in West Memphis, Arkansas. Mr. Seago’s office was on the same floor as the newly organized agency. Experienced insurance personnel were employed to operate the agency and they were instructed by Seago to begin placing all of the property of Seago and Mid-Continent with another company. This resulted in the new insurance agency contacting Home Insurance Company of Illinois.
On February 27, 1975, MCI Insurance Agency, by letter to Home Insurance Company of Illinois, requested that all of the Seago and Mid-Continent properties be covered by Home and specifically requested that all property then covered by Lexington Insurance Company be covered by Home in its new policy. A copy of the Lexington policy was sent Home with the letter. On March 11, 1975, Home forwarded a telex to MCI Agency binding coverage on properties covered under the Lexington policy that had been forwarded to Home.
The written endorsement covering the property of River Industries had not been placed on the Lexington policy at the time it was sent to Home by the MCI Agency. By letter of February 28,1975, Fox-Everett forwarded the written endorsement on the River Industries property to Seago to be attached to the Lexington policy. Fox-Everett had no knowledge that the Lexington policy would be cancelled, or that it had been forwarded to Home.
On April 16,1975, Home mailed its policy of insurance to MCI Agency in West Memphis, Arkansas. It.did not include the River Industries property for the obvious reason that this property was not endorsed on the Lexington policy forwarded Home on February 27.
It was admitted that Seago was well versed in insurance matters. Upon receipt of the Home policy, he and the MCI Agency personnel inspected the policy and listed thirteen necessary changes. On April 22, 1975, a letter was written to Home by MCI listing these changes but saying nothing about the River Industries property not being covered.
Immediately after the Home policy was issued, Seago notified Fox-Everett to cancel the Lexington policy and this was done. As hereinbefore stated, the River Industries property was burned on October 6, 1975. Home denied coverage as it was not listed on its policy. Appellants then filed suit against Home and Fox-Everett. Briefly, *810 the charges against Home were that through a mutual mistake of the parties the River Industries property was not listed on the Home policy. It was contended that Home agreed to and intended to cover everything covered by the Lexington policy even though the Lexington policy received by Home did not have the River Industries endorsement thereon.
It was alleged by appellants that Fox-Everett was guilty of negligence in unduly delaying the placing of the written River Industries endorsement on the Lexington policy, and, therefore, Home did not have that knowledge when it wrote its policy.
As stated, the lower court found as a matter of law that the principle of mutual mistake did not apply as between Seago, Mid-Continent and Home. The chancellor found as a fact that Fox-Everett was not guilty of negligence that proximately contributed to the River Industries property not being covered and that if anyone was at fault, it was appellants.
In the case of Johnson v. Consolidated American Life Insurance Co. of Miss., 244 So.2d 400 (1977), this Court held that reformation of a contract may be had only if an alleged mistake is mutual or if there is a mistake on the part of one party and fraud or inequitable conduct on the part of the other party. There is no allegation or proof here of fraud on the part of Home. The proof is undisputed that Home-did not make a mistake. It extended coverage to all property listed on the Lexington policy as sent it by Seago. It corrected errors and omissions on its policy when requested by Seago and his insurance agency. No request was ever made to correct the policy to include River Industries, Inc. It is clear from the record that if a mistake was made it was made by Seago and not by Home. The lower court’s finding, therefore, in regard to appellee Home Insurance Company of Illinois was correct.
The lower court found that Fox-Everett, Inc., was not negligent in delaying the mailing of the written endorsement to the Lexington policy until February 28, 1975. The chancellor found that Fox-Everett was not informed that appellants intended to submit the Lexington policy to Home and was not informed that insurance was being secured through Seago’s newly formed agency from Home. The representatives of Fox-Everett testified as to its office procedure to the effect that there was nothing unusual in the extent of time involved. Admittedly, the Lexington policy covered the River Industries property on and after November 12, 1974, by oral binder and later by the written endorsement. The invoice for the additional coverage was not forwarded to Seago until the written endorsement was mailed on February 28. Admittedly, Fox-Everett had no knowledge that the Lexington policy was going to be cancelled. The lower court held that although Fox-Everett might have been a little slow in forwarding the written endorsement to Seago, this was not a breach of duty owed Seago. The chancellor further found that the complainants, by the exercise of reasonable care, should have known that the River Industries property was not included on the Lexington policy when the latter was forwarded to Home, and also should have known that it was not on the Home policy issued later. The chancellor further found that the sole proximate cause of the failure of the Home policy to cover River Industries property was the negligence of representatives of appellants.
The cases are too numerous to cite holding that this Court will not disturb the finding of facts by the chancellor unless that court was manifestly wrong. We certainly cannot make such a finding here. The chancellor had ample reasons to resolve the facts as stated above. Therefore, we affirm the cause as to both appellees.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.